MEMORANDUM ***
In adopting the sentencing recommendations and findings in the probation office’s pre-sentence report on the appellant Lopez’ guilty plea, the district court satisfied the requirement in Federal Rule of Criminal Procedure 32(i)(3)(B) that the court rule on disputed portions of the report. Lopez objected to the details surrounding two of his prior criminal convictions, which he contended distorted the facts surrounding those crimes. The district court dealt with this contention, asking Lopez whether his changed descriptions of his prior conduct would alter his criminal history set forth in the report. Lopez conceded it would not, and also admitted to two of the convictions described in the report.
The district court’s inquiry satisfied Rule 32. See United States v. Riley, 335 F.3d 919, 932 (9th Cir.2003) (citing United States v. Tam, 240 F.3d 797, 803-04 (9th Cir.2001)). As the court explained: “I find the report to be accurate and correct. I adopt the report and the calculation of the advisory guidelines.” The district court thus considered but rejected Lopez’s contention.
The district court adequately explained the reasons it imposed a 77 month sentence, rather than the 51 month sentence Lopez presumably would have received if the government had offered him the so-called “fast track” disposition that it sometimes offers in such cases (under which the defendant pleads guilty, there is no pre-sentence report and the defendant waives various rights, including the right to appeal). The decision whether to offer a defendant the “fast” track disposition is the government’s choice. A defendant has no right or claim to be sentenced as if he had been offered such a disposition. United States v. Gonzalez-Zotelo, 556 F.3d 736 (9th Cir.2009). The district court also *616 justifiably refused to depart downward from the sentencing guidelines standard to reflect the disparity between sanctions under the “fast track” and regular procedural standards. Id. The district court also noted that among the aggravating factors affecting Lopez’ sentence was that Lopez was a “known gang member.” Although Lopez objected to the statements in the presentence report about his gang affiliations, when the court asked at the sentencing hearing whether he would “like a hearing as it relates to determine whether or not Mr. Lopez-Hernandez is a member of a gang,” his counsel replied “No,” thereby withdrawing the objection.
The district court adequately explained why it did not reduce the sentence to reflect Lopez’ cultural assimilation in the United States:
In aggravation, Mr. Lopez-Hernandez has a violent criminal history and is a known gang member.
In mitigation, he has spent most of his life living in the United States and has two young daughters who live here. Balancing the aggravating and mitigating factors, the sentence at the low end of the range is appropriate. The sentence takes into account Mr. Lopez-Hernandez’s criminal history.
Lopez’ extensive criminal history justified the district court’s refusal to reduce the sentence to reflect his cultural assimilation. “[Wjhen a defendant’s arguments are straightforward and uncomplicated, the district court does not abuse its discretion when it listens to the defendant’s arguments and then ‘simply [finds those] circumstances insufficient to warrant a sentence lower than the guidelines range.’” United States v. Stoterau, 524 F.3d 988, 999 (9th Cir.2008) (quoting United States v. Carty, 520 F.3d 984, 995 (9th Cir.2008) (en banc)).
Finally, the district court did not abuse its discretion in adopting the report’s recommendation that Lopez be subjected to the conditions on his supervised release that he not associate with anyone known to him to be a member of three specified gangs or persons associated with those gangs (other than family members); that he not display, use, or possess any insignia, emblems, or clothing, evidencing affiliation with any of those gangs; and that he not be present in any area he knew to be a place where members of those gangs meet or assemble. This court recently upheld similar supervisory release conditions upon gang associations against comparable challenges that the restrictions were unconstitutionally vague or overboard. United States v. Soltero, 506 F.3d 718 (9th Cir.2007).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.